■ JOEL GANZMAN, Respondent, v MICHAEL D. HESS, as Corporation Counsel of City of New York, et al., Appellants, and DENNIS VACCO, as Attorney General of State of New York, Respondent. [709 NYS2d 606] —In an action, *inter alia,* for a judgment declaring that the defendants Michael D. Hess and the City of New York are required to defend and indemnify the plaintiff in an action entitled *Gryga v Ganzman,* pending in the United States District Court, Eastern District of New York, under docket No. 97 Civ 3929, the defendants Michael D. Hess and the City of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County

(Hutcherson, J.), dated June 29, 1999, as granted that branch of the plaintiff's cross motion which was for a declaration that the appellants were required to provide such a defense.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Joel Ganzman, is the Deputy Public Administrator of the Office of the Public Administrator of Kings County (hereinafter the Office) and a defendant in a Federal discrimination suit entitled *Gryga v Ganzman* (hereinafter the Federal suit). The plaintiff's request that the defendants Michael D. Hess in his capacity as Corporation Counsel of the City of New York and the City of New York (hereinafter the City and collectively the appellants) defend and, if necessary, indemnify him was rejected on the ground that he was not a City employee.

The plaintiff then commenced this action seeking a declaration that the appellants and the Attorney General were required to defend him in the Federal action and, if necessary, indemnify him. The Supreme Court, *inter alia*, granted the plaintiff's cross motion for summary judgment only to the extent of finding that the appellants were obligated to defend the plaintiff. That determination was based solely on the fact that an order of the United States District Court, Eastern District of New York, dated January 12, 1998, found him to be an employee of the City. We affirm, but for a different reason.

It is undisputed that the expenses of the Office are funded at least in part by the City (*see,* SCPA 1108). Thus, the Office is an agency of the City as defined by General Municipal Law § 50-k (1) (a). Further, since the plaintiff holds a position in the Office, he is an employee as defined by General Municipal Law § 50-k (1) (e). He is therefore entitled to the defense to be accorded any employee as provided by General Municipal Law § 50-k (2).

In making this determination, we note that the Attorney General's motion to dismiss the action insofar as asserted against him was denied without prejudice to renewal after the Federal action is determined. Since there has been no appeal thereof by the Attorney General or the plaintiff, we need not reach any of the parties' remaining contentions as they do not affect our determination of this appeal. We further note that once this matter is fully determined, a judgment must be entered declaring the rights of the parties. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.